IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KENNETH WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED RECOVERY AND REMARKETING, LLC, JOHN DOE I, AND RECOVERALL RECOVERY INC.,<br><br>Defendants. | Civil Action No. ___________________<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Kenneth Washington brings this action against Defendants United Recovery and Remarketing, LLC ("URR"), John Doe I ("Doe I"), and RecoverAll Recovery Inc. ("RAR") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

6. The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

7. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties."

*McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 644 S.E.2d 43, 49 (S.C. 2007).

8. After a default, the UCC gives secured parties the right to repossess collateral if they can do so without breaching the peace. *See* O.C.G.A. § 11-9-609(a)(1).

9. "If the secured party breaches the peace, it is subject to an action for damages." *Lewis v. Nicholas Fin., Inc.*, 686 S.E.2d 468, 470 (2009).

10. "Because the secured creditor's duty to accomplish a nonjudicial repossession without breaching the peace is statutory, that duty is nondelegable even though the creditor hires another party to perform the repossession." *Id.*

11. "As a general rule a breach of the peace, as at common law, may be defined 'as a violation or disturbance of the public tranquility and order.' " *Hopkins v. First Union Bank of Savannah*, 387 S.E.2d 144, 146 (Ga. Ct. App. 1989) (quoting *Sanders v. City of Columbus*, 231 S.E.2d 473, 475 (1976).

12. "The use of force is a breach of the peace." *Id.* (quoting James, 1 Ga. Creditors' Rights § 4.03(A)(1)).

13. A breach of the peace may consist of either actual physical force or constructive force, such as threats of violence or intimidation to compel the

submission of a debtor against his will to the appropriation of what he construes to be his property. *Id.*

14. Thus, for example a threat of violence or an act likely to produce violence may constitute such a breach. *Id.*

15. Moreover, abusive and insulting language "fighting words" constitutes a breach of the peace if there is an accompanying incitement to immediate violence. *Id.*

16. Likewise, repossession over the oral protest of a debtor constitutes a breach of the peace. *Id.*

**PARTIES**

17. Plaintiff is a natural person who at all relevant times resided in Rome, Georgia.

18. Plaintiff is a natural person allegedly obligated to pay a debt to RAC.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. URR is a Delaware limited liability company that conducts business in this district.

21. URR is a repossession company.

22. URR earns the majority of its income from of repossessions and remarketing of collateral.

23. URR uses the telephone and internet in the operation of its business.

24. URR uses roads and highways in the operation of its business.

25. URR is an entity that at all relevant times was acting as a repossession agent working at the behest of Bridgecrest Acceptance Corporation ("BAC").

26. At all relevant times, URR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

27. URR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. URR is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

29. Plaintiff is ignorant of the true name and/or capacity, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendant sued herein as Doe I, and therefore sues such defendant by such fictitious name until such time as its true name and/or capacity are ascertained.

30. Doe I is a repossession forwarding company.

31. Doe I earns the majority of its income from the facilitation and coordination of repossessions.

32. Doe I uses the telephone in the operation of its business.

33. Doe I uses the internet in the operation of its business.

34. Doe I is an entity that at all relevant times was acting as a repossession agent working at the behest of BAC.

35. At all relevant times, Doe I was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

36. Doe I is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37. Doe I is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

38. RAR is a Georgia corporation that operates in this district.

39. RAR is a repossession company.

40. RAR earns the majority of its income from the repossession of vehicles.

41. RAR uses the telephone in the operation of its business.

42. RAR uses the internet in the operation of its business.

43. RAR uses highways in the operation of its business.

44. RAR uses roads in the operation of its business.

45. At all relevant times, RAR was acting as a repossession agent acting at the behest of BAC and Doe I.

46. At all relevant times, RAR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

47. RAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

48. RAR is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

49. On or about July 19, 2024, Plaintiff purchased a 2019 Hyundai Santa Fe (the "Vehicle") from non-party Carvana, LLC.

50. Plaintiff financed his purchase of the Vehicle and signed a loan agreement with Carvana (the "Contract").

51. Plaintiff purchased the Vehicle primarily for personal, family, and household use.

52. As part of the Contract, Plaintiff provided Carvana and its assignees a security interest in the Vehicle.

53. After the Contract was consummated, it was assigned to BAC.

54. Thereafter, BAC engaged its repossessor, URR, to repossess Plaintiff's Vehicle.

55. On December 28, 2025, URR went to Plaintiff's home to repossess his Vehicle.

56. Plaintiff noticed URR's arrival and ran out, protested the repossession, and entered the Vehicle.

57. URR ignored Plaintiff's actions and attempted to continue the repossession.

58. Even though Plaintiff was obviously moving to enter the Vehicle, URR menacingly backed toward him and the Vehicle as Plaintiff moved to enter it, and continued to do so while he occupied it.

59. URR only ceased attempting to attach to and take occupied Vehicle when it crashed into a 100-year-old tree at Plaintiff's residence, damaging it.

60. URR's employee then exited URR's tow truck and attempted to intimidate Plaintiff into ceasing his protests.

61. Plaintiff, undeterred, informed URR's employee that he was breaching the peace and continued his protests.

62. Plaintiff also demanded URR the property leave immediately.

63. Instead of ceasing the repossession, URR's employee disregarded Plaintiff's protests and attempted to continue the repossession.

64. URR's employee argued that he had a repossession order and thus had not only the right to continue the repossession, but an obligation to do so.

65. Plaintiff held firm and continued his protests.

66. Eventually, URR's employee gave up and left the scene.

67. Thereafter, BAC engaged its repossession agents, Doe I, to repossess Plaintiff's Vehicle.

68. Doe I in turn hired RAR to undertake the actual repossession.

69. On or about February 3, 2026, RAR went to Plaintiff's home to repossess the Vehicle.

70. Plaintiff noticed RAR's arrival, ran out, and protested the repossession.

71. Plaintiff advised RAR that it was breaching the peace and demanded that RAR leave his property immediately.

72. Instead of ceasing the repossession, RAR continued it over Plaintiff's protest.

73. RAR then called the police for assistance with the repossession.

74. Several officers then arrived on the scene.

75. RAR solicited and received assistance from officers with the repossession.

76. With the officers' help, RAR completed the repossession over Plaintiff's protests.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## URR

77. Plaintiff repeats and re-alleges each factual allegation contained above.

78. Georgia law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." O.C.G.A. § 11-9-609(a)(1).

79. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.

80. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Hopkins v. First Union Bank of Savannah*, 387 S.E.2d 144, 146 (Ga. Ct. App. 1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *see also Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Martin v. Dorn Equip. Co.*, 821 P.2d 1025, 1028 (Mont. 1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 254 N.E.2d 683, 686 (Ohio 1970); *Dixon v. Ford Motor Credit Co.*, 391 N.E.2d 493, 497 (Ill. App. Ct. 1979); *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449, 455 (Wis. Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137,

140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest).

81. Plaintiff protested URR's repossession.

82. Once Plaintiff protested the repossession, URR lost the right to continue with the repossession.

83. Nonetheless, URR continued with its repossession and thereby breached the peace.

84. While the UCC typically gives a repossessor a limited privilege to enter a debtor's yard to conduct a repossession, the privilege is lost if the repossessor is confronted and told to leave. *See, e.g., Soberanis v. City Title Loan, LLC*, 2017 U.S. Dist. LEXIS 50114, at *14 (D.S.C. Apr. 3, 2017) ("Refusing to leave someone's

residential property when asked is, of course, a breach of the peace[.]”); *Clopton v. City of Plymouth*, 2017 U.S. Dist. LEXIS 594, at *20 (D. Minn. Jan. 3, 2017) (Courts have also recognized that when debtors specifically object to repossession, they revoke any implied right previously granted to the creditors to enter the debtor's property without consent.); *Akerland v. TCF Nat'l Bank of Minn.*, 2001 U.S. Dist. LEXIS 22816, 2001 WL 1631440, at *3 (D. Minn. June 11, 2001) (“[A]ny underlying offense, such as trespass, could suffice to constitute breach of the peace.”).

85. Plaintiff demanded URR immediately leave his property.

86. URR failed to do so and thereby breached the peace.

87. Likewise, a repossession agent breaches the peace if he damages a debtor’s other property during a repossession. *See In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *4 (M.D. Fla. Nov. 18, 2008) (damaging debtor property during a repossession a breach of the peace); *Bloomquist v. First Nat. Bank of Elk River*, 378 N.W.2d 81, 86 (Minn. Ct. App. 1985) (damaging property to enter premises breach of the peace and “appalling”); *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 1981) (damaging debtor property during a repossession a breach of the peace); *cf. Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016) (damage to property that

did not occur during repossession was not breach of the peace); *Chrysler Fin. Co. v. Flynn*, 88 S.W.3d 142, 150 (Mo. Ct. App. 2002) (noting damage to debtor's property as one of the potential factual predicates leading to breach of peace); *Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, 29 (Tenn. Ct. App. 1991) (noting that courts have consistently found that repossessions accomplished by damaging debtor property to be inconsistent with the Uniform Commercial Code).

88. URR's employee damaged Plaintiff's property during its attempted repossession and thereby breached the peace.

89. A repossession agent's breach of the peace negates a right to possession. *See Hart v. Hill & Assocs. of Ga., Inc.*, 2026 U.S. Dist. LEXIS 154232, at *30 (N.D. Ga. July 13, 2026); *Hansen v. Santander Bank, N.A.*, 689 F. Supp. 3d 679, 688 (D. Minn. 2023); *Thomas v. GM Fin. Co.*, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to

present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

90. URR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or where there was no right to possession of such property.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that URR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOE I AND RAR**

91. Plaintiff repeats and re-alleges each factual allegation contained above.

92. Georgia law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." O.C.G.A. § 11-9-609(a)(1).

93. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.

94. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Hopkins v. First Union Bank of Savannah*, 387 S.E.2d 144, 146 (Ga. Ct. App. 1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *see also Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Martin v. Dorn Equip. Co.*, 821 P.2d 1025, 1028 (Mont. 1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections."); *Morris v. First Nat. Bank & Tr. Co. of*

*Ravenna*, 254 N.E.2d 683, 686 (Ohio 1970); *Dixon v. Ford Motor Credit Co.*, 391 N.E.2d 493, 497 (Ill. App. Ct. 1979); *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449, 455 (Wis. Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest).

95. Plaintiff protested RAR's repossession.

96. Once Plaintiff protested the repossession, RAR lost the right to continue with the repossession.

97. Nonetheless, RAR continued with its repossession and thereby breached the peace.

98. While the UCC typically gives a repossessor a limited privilege to enter a debtor's yard to conduct a repossession, the privilege is lost if the repossessor is confronted and told to leave. *See, e.g., Soberanis v. City Title Loan, LLC*, 2017 U.S. Dist. LEXIS 50114, at *14 (D.S.C. Apr. 3, 2017) ("Refusing to leave someone's residential property when asked is, of course, a breach of the peace[.]"); *Clopton v. City of Plymouth*, 2017 U.S. Dist. LEXIS 594, at *20 (D. Minn. Jan. 3, 2017) (Courts have also recognized that when debtors specifically object to repossession, they revoke any implied right previously granted to the creditors to enter the debtor's property without consent.); *Akerland v. TCF Nat'l Bank of Minn.*, 2001 U.S. Dist. LEXIS 22816, 2001 WL 1631440, at *3 (D. Minn. June 11, 2001) ("[A]ny underlying offense, such as trespass, could suffice to constitute breach of the peace.").

99. Plaintiff demanded RAR immediately leave his property.

100. RAR failed to do so and thereby breached the peace.

101. The involvement of police officers in a repossession is a breach of the peace because it is a constructive use of force that chills exercise of consumers' rights to protest a self-help repossession:

> [T]he presence of a law enforcement officer during a self-help repossession renders the repossession unlawful. *See Fleming-Dudley v. Legal Investigations, Inc.,* 2007 U.S. Dist. LEXIS 21653, 2007 WL 952026, *6-7 (N.D. Ill. 2007) (citing *Waisner v. Jones,* 107 N.M. 260, 755 P.2d 598, 602 (N.M. 1988) and *Stone Mach. Co. v. Kessler,* 1 Wash.App. 750, 463 P.2d 651, 655 (Wash. App. Ct. 1970)); *see also In re 53 Foot Trawler Pegasus,* 2008 U.S. Dist. LEXIS 96332, 2008 WL 4938345, *4-7 (M.D. Fla. 2008). That is because the "presence of the official, without more, is sufficient to chill the legitimate exercise of the defaulting party's rights." *Fleming-Dudley,* 2007 U.S. Dist. LEXIS 21653, 2007 WL 952026, *6 (quoting *Waisner,* 755 P.2d at 602); *accord, e.g., In re MacLeod,* 118 B.R. 1, 3 (Bankr. D.N.H. 1990) (any presence of an officer, regardless of the officer's degree of participation in the actual repossession, "override[s] the debtor's right to object" and, as a result, is a breach of peace). Thus, when a statute requires a self-help repossession to be carried out without a breach of the peace, a creditor cannot use the power of the state to prevent a breach of the peace from occurring, thereby circumventing the statutes' requirement. **If law enforcement is needed, then a breach of the peace has occurred, and the creditor must secure judicial intervention to carry out the repossession.**

*Albertorio-Santiago v. Reliable Fin. Servs.*, 612 F. Supp. 2d 159, 170 (D.P.R. 2009) (emphasis added).

102. Additionally, the UCC explicitly bars repossessors from using law enforcement officers in a repossession. *See* UCC 9-609 at Official Comment (3) ("This section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law enforcement officer. A number of cases have held that a repossessing secured party's use of a law-enforcement officer

without benefit of judicial process constituted a failure to comply with former Section 9-503”).

103. By summoning law enforcement officers to the scene of the repossession and enlisting their help in the repossession, RAR breached the peace.

104. A repossession agent’s breach of the peace negates a right to possession. *See Hart v. Hill & Assocs. of Ga., Inc.*, 2026 U.S. Dist. LEXIS 154232, at *30 (N.D. Ga. July 13, 2026); *Hansen v. Santander Bank, N.A.*, 689 F. Supp. 3d 679, 688 (D. Minn. 2023); *Thomas v. GM Fin. Co.*, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, “a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace”); *Wright v. Santander Consumer USA, Inc.*, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) (“If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral.”); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) (“In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace.”); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich.

2010); *Fleming-Dudley v. Legal Investigations, Inc.*, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

105. RAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or where there was no right to possession of such property.

106. As the debt collector that hired RAR, Doe I is liable for RAR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RAR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Doe I, as the debt collector that hired RAR, is liable for RAR's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

107. Plaintiff is entitled to and hereby demands a trial by jury.

Dated October 9, 2026

Respectfully submitted,

s/Marques J. Carter
Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
MCarter@ThompsonConsumerLaw.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

s/Marques J. Carter
Marques J. Carter